IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEANNE J. HENSLEY,                              No. 3:20-cv-01539-HZ

        Plaintiff,                              OPINION & ORDER

    v.

AGORAPULSE, INC.,

        Defendant.

Leanne J. Hensley
PO Box 6166
Bend, OR 97708

    Pro Se Plaintiff

Joshua J. Stellmon
Haglund Kelley LLP
2177 SW Broadway
Portland, OR 97201

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Leanne Hensley brings this tort action for negligence and invasion of privacy against Defendant Agorapulse, Inc. Defendant now moves for summary judgment on both of Plaintiff's claims. Because Plaintiff's claims are frivolous under § 1915, the Court dismisses Plaintiff's case.

## BACKGROUND

### I. Factual Background

Plaintiff provided interior design services for Michael Angiletta, Defendant's Chief Marketing Officer ("CMO"), in 2018. Angiletta Decl. ¶¶ 2, 6, ECF 43. In 2019, their relationship soured, culminating in numerous lawsuits against Mr. Angiletta by Plaintiff. *Id.* at ¶¶ 4, 8. In this case, Plaintiff alleges that Defendant—a social media management software company—allowed Mr. Angiletta to use its technology to hack Plaintiff, control her electronic devices, and steal and disseminate her data. Am. Compl. ¶¶ 2–6, 12–13, ECF 23. She alleges that Mr. Angiletta sent messages that included threats of kidnapping, death or stabbing. Am. Compl. ¶ 6. The crux of Plaintiff's claims is that Defendant was negligent in allowing Mr. Angiletta to use its technology to harass Plaintiff.

### II. Procedural Background

On September 4, 2020, Plaintiff filed her complaint against both Mr. Angiletta and Defendant Agorapulse, Inc., a French corporation. Compl., ECF 1. In her original complaint, Plaintiff alleges that Mr. Angiletta participated in a "vetted swatting crime" and caused harm to Plaintiff, resulting in millions of dollars in damages. Compl. 4, 6. The Court granted Plaintiff IFP status but dismissed Plaintiff's complaint with leave to amend for failure to state a claim under

§ 1915. Order, ECF 5. From the allegations in the original complaint, the Court was unable to discern a cognizable legal claim or the basis of subject matter jurisdiction. *Id.*

Plaintiff then obtained the assistance of an attorney in filing an Amended Complaint. Am. Compl, ECF 18. In her Amended Complaint, Plaintiff dropped her claims against Mr. Angiletta and proceeded solely against Defendant Agorapulse, Inc., for negligence and invasion of privacy. Am. Compl. ¶¶ 11–19. After Defendant answered and the Court held a Rule 16 conference, Defendant filed a Motion for Summary Judgment. Def. Mot. Summ. J., ECF 43. Both parties filed various discovery motions—including motions for a protective order and to quash by Defendant and motions for extension of time and motions for in camera review of evidence by Plaintiff. After reviewing the pending motions, the Court ordered a stay of discovery pending resolution of Defendant's Motion for Summary Judgment. Order, ECF 60

## DISCUSSION

Defendant moves for summary judgment on Plaintiff's tort claims for negligence and invasion of privacy, arguing that Plaintiff's claims are frivolous.[1] In support of its motion, Defendant submits declarations from its Chief Technology Officer that it does not have the technological capabilities or the personal data that Plaintiff alleges it has. Def. Mot. 6–7 (citing

---

[1] In its motion for summary judgment, Defendant also moves for attorney fees and costs as Rule 11 sanctions, arguing "[t]his action is harassment through continuing abuse of process." Def. Mot. Summ. J. 8. First, Defendant's motion is procedurally defective as it was not filed separately and there is no evidence Plaintiff was served with the motion twenty-one days before filing. Fed. R. Civ. P. 11(c)(2). In addition, the Court does not believe that Rule 11 sanctions are warranted in this case. Plaintiff is *pro se*, there is no evidence that Plaintiff is proceeding with an improper purpose, and it is unlikely Plaintiff can afford to pay any sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (a court can consider a plaintiff's ability to pay in assessing sanctions and must take into account the plaintiff's pro se status when determining whether a filing was reasonable); *W.V. ex rel. N.V. v. Encinitas Union Sch. Dist.*, 289 F.R.D. 308 314 (S.D. Cal. 2012) ("As an unrepresented party, [the plaintiff] cannot be sanctioned for [filing or maintaining legally frivolous claims] under Rule 11. Rather, the issue is whether, when she advocated pleadings that had been filed earlier, she did so with an improper purpose.").

3 – OPINION & ORDER

Hédiard Decl. ¶¶ 8–10, ECF 45). Plaintiff responds with dozens of pages of briefing in which she makes broad allegations of cyberstalking and terrorism; bad acts by federal, state, and local government actors; and discrimination on the basis of nationality, ethnicity, and caste. Pl. Resp. Mot. Summ. J., ECF 70. Plaintiff also cites to federal, state, and international law related to computer crimes, discrimination, workplace harassment, and electronic discovery. *Id.*; *see also* Pl. Surreply Mot. Summ. J., ECF 72.

      The Court finds dismissal appropriate in this case. Normally, the Court is reluctant to grant summary judgment without discovery. But having reviewed the motion, response briefs, and accompanying declarations, the Court finds that Plaintiff's claims are without merit. In attempting to develop the factual basis for her claims, Plaintiff alleges a years-long crusade of abuses by Defendant's CMO that includes international espionage, cyberterrorism, extortion, wire fraud, identify theft, "cyber flashing," and cyberstalking.[2] She also details complaints against federal and state law enforcement and the federal judiciary. Plaintiff also fails to link these extraordinary allegations to any actions on the part of Defendant, the CMO's employer, as opposed to these other individuals.

      The Court may dismiss factually delusional or fantastic claims filed by a plaintiff proceeding *in forma pauperis*. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). "The Court may exercise this discretion 'at any stage of the litigation, including in the evaluation of a motion for dismissal or summary judgment.'" *Howard v. Rowland*, No. C 90 0152 SBA, 1993 WL 255520, at *4 (N.D. Cal. June 24, 1993) (quoting *Morrison v. Martin*, 755 F.Supp. 683, 686 (E.D.N.C. 1990)); *see also* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case *at any time i*f the court determines that . . . the action or appeal . . . is frivolous or malicious[.]"

---

[2] Plaintiff's filings throughout this case have contained similar allegations.

(emphasis added)). Because the Court finds that Plaintiff's claims are inherently incredible, the Court dismisses this case pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

Under 28 U.S.C. § 1915, the Court finds that Plaintiff's claims are frivolous and dismisses this case without prejudice. Any appeal of this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

DATED:__August 18, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5 – OPINION & ORDER